DOCKETED
MAY 17 2004

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
MAY 14 2004
JUDGE ELAINE E. BUCKLO
UNITED STATES DISTRICT COURT

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | No. 03 CR 933-2 |
| ) | Hon. Elaine E. Bucklo |
| JEFFREY CUBERO ) | |

PLEA AGREEMENT

This Plea Agreement between the United States Attorney for the Northern District of Illinois, PATRICK J. FITZGERALD, and the defendant, JEFFREY CUBERO, and his attorney, GERALD COLLINS, is made pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

This Plea Agreement is entirely voluntary and represents the entire agreement between the United States Attorney and defendant regarding defendant's criminal liability in case 03 CR 933-2.

This Plea Agreement concerns criminal liability only, and nothing herein shall limit or in any way waive or release any administrative or judicial civil claim, demand or cause of action, whatsoever, of the United States or its agencies. Moreover, this Agreement is limited to the United States Attorney's Office for the Northern District of Illinois and cannot bind any other federal, state or local prosecuting, administrative or regulatory authorities except as expressly set forth in this Agreement.

By this Plea Agreement, PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, and the defendant,



JEFFREY CUBERO, and his attorney, GERALD COLLINS , have agreed upon the following:

1. Defendant acknowledges that he has been charged in the indictment in this case with the following crimes: (1) conspiracy to possess with the intent to distribute and to distribute in excess of one kilogram of mixtures containing heroin, in violation of Title 21, United States Code, Sections 841(a)(1) and 846, and Title 18 United States Code Section 2 (Count One); (2) knowingly and intentionally possessing with the intent to distribute approximately one kilogram of heroin, in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2 (Count Two); and (3) knowingly and intentionally possessing with the intent to distribute in excess of one kilogram of heroin, in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2 (Count Four).

2. Defendant has read the charges against him contained in the indictment, and those charges have been fully explained to him by his attorney.

3. Defendant fully understands the nature and elements of the crimes with which he has been charged.

4. Defendant will enter a voluntary plea of guilty to Count One of the indictment in this case.

5. Defendant will plead guilty because he is in fact guilty of the charge contained in Count One of the indictment. In pleading guilty, defendant admits to the following facts and that those facts establish his guilt beyond a reasonable doubt:

From at least approximately July, 2003, to September 26, 2003, in the Northern District of Illinois, Eastern Division, defendant JEFFREY CUBERO ("CUBERO") conspired and agreed with co-defendant Vinvente Hernandez ("Hernandez"), to knowingly and intentionally possess with intent to distribute and to distribute in excess of one kilogram of mixtures containing heroin, a Schedule I Narcotic Drug Controlled Substance, in violation of Title 21, United States Code, Section 846 and Title 18 United States Code, Section 2.

Specifically, co-defendant Hernandez obtained wholesale quantities of heroin for sale to others for profit. Thereafter, CUBERO and Hernandez agreed to store the heroin, intending to deliver the heroin to others, and cash proceeds from the sale of heroin, at various locations, including apartments located at 5312, 5328 and 5526 North Sawyer, Chicago, Illinois (the "stash apartments"). CUBERO and co-defendant Hernandez also agreed to store mechanical presses, capable of turning powder heroin into compressed pellets, at the 5312 and 5328 North Sawyer stash apartments. Defendant CUBERO, at the direction of co-defendant Hernandez, transported heroin to third parties. For example, on September 26, 2003, defendant CUBERO, at the direction of co-

defendant Hernandez, transported, in an automobile, approximately one kilogram of heroin, in pellet form, which heroin CUBERO received from co-defendant HERNADEZ at the 5328 North Sawyer stash apartment.

On September 26, 2003 defendant CUBERO and co-defendant Hernandez also possessed approximately 3 kilograms of heroin at the 5312 North Sawyer stash apartment, intending to deliver the heroin to others. They also possessed a mechanical press, capable of turning powder heroin into compressed pellets, at the 5312 North Sawyer stash apartment. Additionally, defendant HERNANDEZ also possessed approximately four and one-half kilograms of heroin at the 5328 North Sawyer stash apartment, intending to deliver the heroin to others, which was in addition to the one kilogram of heroin CUBERO received earlier on the same day from co-defendant HERNANDEZ at that same stash apartment. Defendant HERNANDEZ also stored approximately $35,429 in narcotics proceeds at the 5328 North Sawyer stash apartment. Defendant HERNANDEZ also possessed two mechanical presses, capable of turning powder heroin into compressed pellets, at the 5328 North Sawyer stash apartment. Finally, defendant CUBERO and co-defendant Hernandez concealed and hid and caused to be concealed and hidden the purposes of the acts done in furtherance of the conspiracy and to avoid detection by law enforcement and others.

In violation of Title 21, United States Code, Section 846, and Title 18, United States Code, Section 2.

The total weight of the heroin which defendant CUBERO possessed with intent to distribute and sell to others for a profit was approximately eight and one-half kilograms net weight of mixtures containing heroin, a Schedule I Narcotic Drug Controlled Substance.

6. For purposes of applying the guidelines promulgated by the United States Sentencing Commission pursuant to Title 28, United States Code, Section 994, the parties agree on the following points:

(a) In regard to Count One, the parties agree that the amount of heroin (approximately eight and one-half kilograms) included in the offense of conviction for which the defendant is accountable, was at least three (3) kilograms of heroin but no more than ten (10) kilograms. Accordingly, the base offense level is level 34 pursuant to Guideline Sections 2D1.1(a)(3) and (c)(6).

(b) Based on evidence now known to the government, the government and defendant agree, subject to the Court's approval, that Guideline Section 5C1.2 and Title 18, United States Code, Section 3553(f) are applicable, and that the Court therefore shall impose sentence in accordance with the applicable Guidelines without regard to any statutory minimum sentence. In addition, the

offense level is reduced by two levels, pursuant to Guideline Section 2D1.1(b)(6).

(c) Defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct. If the government does not receive additional evidence in conflict with this provision, and if the defendant continues to accept responsibility for his actions, within the meaning of Guideline §3E1.1, a two-level reduction in the offense level is appropriate.

(d) Defendant has timely notified the government of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently, within the meaning of Guideline §3E1.1(b). Accordingly, at the time of defendant's sentencing, the government will move for an additional one-level reduction in the offense level, provided the Court determines the offense level to be 16 or greater prior to the operation of Guideline 3E1.1(a).

(e) On May 11, 1989 the defendant was convicted in Cook County, Illinois, case number 89114906301, of criminal damage to property, and sentenced to one year court supervision and community service. Pursuant to Guideline § 4A1.2(e)(3) this conviction occurred more than ten years prior to the current offense and therefore is not counted.

(f) On April 25, 1994 the defendant was convicted in Cook County, Illinois, case number 94123959202, of possession of a firearm in public, and sentenced to three days imprisonment and one year conditional discharge. Pursuant to Guideline § 4A1.1(c) defendant is assigned one criminal history point.

(g) Based on the facts known to the government, defendant has one criminal history point and his criminal history category is I; and

(h) The defendant and his attorney and the government acknowledge that the above calculations are preliminary in nature and based on facts known to the government as of the time of this Agreement. The defendant understands that the Probation Department will conduct its own investigation and that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final Sentencing Guidelines calculation. Accordingly, the validity of this Agreement is not contingent upon the probation officer's or the Court's concurrence with the above calculations.

7. Errors in calculations or interpretation of any of the guidelines may be corrected by either party prior to sentencing. The parties may correct these errors or misinterpretations either by stipulation or by a statement to the probation office and/or court setting forth the disagreement as to the correct guidelines and their application. The validity of this Agreement will not be

affected by such corrections, and the defendant shall not have a right to withdraw his plea on the basis of such corrections.

8. Defendant understands that the count of the indictment to which he will plead guilty carries the following penalties:

Count One carries a statutory minimum of ten years' imprisonment, a maximum penalty of life imprisonment, a maximum fine of $4,000,000, and a term of supervised release of at least five years, and up to any number of years, including life, which the court may specify, and any restitution which the Court may order.

9. The defendant understands that in accord with federal law, Title 18, United States Code, Section 3013, upon entry of judgment of conviction, the defendant will be assessed $100 on the count to which he has pled guilty, in addition to any other penalty imposed. The defendant agrees to pay the special assessment of $100 at the time of sentencing with a check or money order made payable to the Clerk of the U. S. District Court.

10. Defendant understands that by pleading guilty he surrenders certain rights, including the following:

(a) If defendant persisted in a plea of not guilty to the charges against him, he would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by the judge sitting without a jury. The defendant has a right to a jury trial. However, in order that the trial be conducted by the

judge sitting without a jury, the defendant, the government, and the judge all must agree that the trial be conducted by the judge without a jury.

(b) If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random. Defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising so-called peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent, and that it could not convict him unless, after hearing all the evidence, it was persuaded of defendant's guilt beyond a reasonable doubt and that it was to consider each count of the indictment separately.

(c) If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, and considering each count separately, whether or not the judge was persuaded of defendant's guilt beyond a reasonable doubt.

(d) At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, defendant could present witnesses and other

evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the court.

(e) At a trial, defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

11. Defendant understands that by pleading guilty he is waiving all the rights set forth in the prior paragraph. Defendant's attorney has explained those rights to him, and the consequences of his waiver of those rights. Defendant further understands he is waiving all appellate issues that might have been available if he had exercised his right to trial, and only may appeal the validity of this plea of guilty.

12. The defendant is also aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging this, the defendant knowingly waives the right to appeal any sentence within the maximum provided in the statutes of conviction, or the manner in which that sentence was determined, in exchange for the concessions made by the United States in this Plea Agreement. The defendant also waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including but not limited to a motion brought under Title 28, United States Code, Section 2255. The

waiver in this paragraph does not apply to a claim of involuntariness, or ineffective assistance of counsel, which relates directly to this waiver or to its negotiation.

13. Defendant understands that the indictment and this Plea Agreement are matters of public record and may be disclosed to any party.

14. Defendant understands that the United States Attorney's Office will fully apprise the District Court and the United States Probation Office of the nature, scope and extent of defendant's conduct regarding the charges against him, and related matters, including all matters in aggravation and mitigation relevant to the issue of sentencing.

15. At the time of sentencing, the government shall recommend that the Court impose a sentence at the low end of the applicable guideline range, or the statutory mandatory minimum, if applicable, whichever is higher.

16. It is understood by the parties that the sentencing judge is neither a party to nor bound by this Agreement and, subject to the limitations of the sentencing guidelines, may impose the maximum penalties as set forth in paragraph 8 above. The defendant further acknowledges that if the Court does not accept the sentencing recommendation of the parties, the defendant will have no right to withdraw his guilty plea.

17. After sentence has been imposed on the count to which defendant pleads guilty as agreed herein, the government will move to dismiss the remaining counts of the indictment as to this defendant.

18. Defendant understands that his compliance with each part of this Plea Agreement extends throughout and beyond the period of his sentence, and failure to abide by any term of the Plea Agreement is a violation of the Agreement. He further understands that in the event he violates this Agreement, the government, at its option, may move to vacate the Plea Agreement, rendering it null and void, and thereafter prosecute the defendant not subject to any of the limits set forth in this Agreement, or to resentence defendant.

19. Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Agreement, to cause defendant to plead guilty.

20. Defendant agrees this Plea Agreement shall be filed and become a part of the record in this case.

21. Defendant acknowledges that he has read this Agreement and carefully reviewed each provision with his attorney. Defendant further acknowledges that he understands and voluntarily accepts

each and every term and condition of this Agreement.

AGREED THIS DATE: _MAY 14, 2004_

_____
PATRICK J. FITZGERALD
United States Attorney

_____
JEFFREY CUBERO
Defendant

_____
JOHN H. NEWMAN
Assistant United States Attorney

_____
GERALD COLLINS
Attorney for Defendant

13